24-1457
*Anaya v. Bondi*

BIA
Driscoll, IJ
A246 672 654

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of July, two thousand twenty-five.

PRESENT:
> RICHARD J. SULLIVAN,
> SARAH A. L. MERRIAM,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

JUAN PABLO ANAYA,
> *Petitioner,*

v.                                                      24-1457

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**             Nicholas Walter, Rajeev Muttreja, Jones Day, New York, NY.

**FOR RESPONDENT:**             Leslie McKay, Assistant Director; Walter Bocchini, Senior Litigation Counsel; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Juan Pablo Anaya, a native and citizen of El Salvador, seeks review of a May 6, 2024, decision of the BIA affirming a January 18, 2024, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Juan Pablo Anaya,* No. A 246 672 654 (B.I.A. May 6, 2024), *aff'g* No. A 246 672 654 (Immigr. Ct. Batavia Jan. 18, 2024). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, "the BIA adopts the decision of the IJ and merely supplements the IJ's decision, . . . we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "We review the agency's factual findings" for substantial evidence and "questions of law and

2

the application of law to fact" *de novo*. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (citation omitted). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. §1252(b)(4)(B).

## I. Asylum and Withholding of Removal

This Court previously dismissed Petitioner's asylum and withholding of removal claims for failure to exhaust any challenge to those claims on appeal to the BIA. *See Anaya v. Garland*, No. 24-1457 (2d Cir. July 24, 2024), Doc. 20.1 at 1. We will not reconsider a prior ruling "absent cogent or compelling reasons." *Ollman v. Special Bd. of Adjustment No. 1063*, 527 F.3d 239, 251 (2d Cir. 2008) (citation and quotation marks omitted). Petitioner has identified no error in our prior determination that he failed to exhaust a challenge to the agency's finding that he committed a serious nonpolitical crime barring him from asylum and withholding of removal. We therefore decline to revisit our prior ruling.[1]

---

[1] Petitioner contends that this Court dismissed as unexhausted only his withholding of removal claim under the Immigration and Nationality Act (the "INA"), *see* 8 U.S.C. §1231(b), and not withholding of removal pursuant to CAT, *see* 8 C.F.R. §1208.16. *See* Petitioner's Br. at 48-49. However, under both the INA and CAT, a serious nonpolitical crime bars relief. *See* 8 U.S.C. §1231(b)(3)(B)(iii) (withholding of removal under the INA); 8 C.F.R. §1208.16(d)(2) (withholding of removal under CAT). His failure to exhaust any challenge to that finding is therefore fatal to both claims.

## II.    Due Process

Petitioner asserts that his due process rights were violated because: (1) the IJ displayed bias and engaged in hostile questioning; (2) his asylum application should not have been accepted because it was incomplete; and (3) the interpreter "botched" critical translations.  *See* Petitioner's Br. at 37-47.  As the Government points out, *see* Gov't Br. at 49, these arguments are unexhausted because Petitioner did not raise them before the BIA, *see* Certified Admin. Rec. ("CAR") at 11-20. "To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA."  *Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) (citation and quotation marks omitted).  "While this Court will not limit the petitioner to the exact contours of his argument below in determining whether the petitioner exhausted the issue, the issue raised on appeal must be either a specific, subsidiary legal argument or an extension of an argument raised directly before the BIA."  *Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007) (citations and quotation marks omitted).  "[W]e construe generously" a petitioner's "*pro se* brief to the BIA," *id.* at 118 (citation and quotation marks omitted), "[b]ut when an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear

4

it," *Punin*, 108 F.4th at 124.

On appeal to the BIA, Petitioner's due process argument was limited to a claim that the IJ did not afford him more time to retain an attorney. *See* CAR at 17. That brief reference to due process "cannot be closely matched up" with his current assertions of bias, translation errors, and the erroneous acceptance of an incomplete asylum application. *Punin*, 108 F.4th at 124. Nor are Petitioner's arguments before this Court "specific, subsidiary legal argument[s]" or "extension[s] of an argument raised directly before the BIA." *Id.* (citation and quotation marks omitted). We therefore cannot consider Petitioner's new and unexhausted due process arguments. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023) (concluding that the requirement of issue exhaustion is not jurisdictional but is nonetheless mandatory where, as here, it is not waived or forfeited); *see also Ud Din v. Garland*, 72 F.4th 411, 419-20 & n.2 (2d Cir. 2023).

## III. Convention Against Torture

Finally, we deny the petition as to the CAT claim. An applicant for CAT relief must prove "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. §1208.16(c)(2).

Petitioner challenges the agency's adverse credibility determination, argues

that the agency erroneously required corroborating evidence, and contends that the agency did not provide an "independent basis" for the denial of CAT relief. *See* Petitioner's Br. at 23-37.   For the following reasons, we reject each argument.

*First*, substantial evidence supports the agency's adverse credibility determination.   "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."   *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam); *see also Hong Fei Gao*, 891 F.3d at 76.   In making a credibility determination, the IJ may consider the "consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), [and] the internal consistency of each such statement."   8 U.S.C. §1229a(c)(4)(C).

Here, the agency reasonably relied on inconsistencies in Petitioner's statements to find that he was not credible.   Specifically, Petitioner's testimony was inconsistent as to whether a gang or police officers attacked him in 2018; his statements at his hearing and reasonable fear interview conflicted as to when police allegedly beat him and suspended him over a hole; and his testimony and

6

interview statements differed as to how many times he was arrested in El Salvador. In light of these numerous (and significant) discrepancies, Petitioner has failed to show that "no reasonable fact-finder" could make an adverse credibility finding here. *Xiu Xia Lin*, 534 F.3d at 167; *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully.").

Moreover, the IJ was not required to accept Petitioner's explanation that his testimony was inconsistent because he was confused and upset and because he did not realize that he needed to mention all relevant information at his reasonable fear interview. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (citation and quotation marks omitted)). Petitioner now also argues that these discrepancies were trivial or caused by translation errors or confusing questioning, *see, e.g.*, Petitioner's Br. at 25-26, but again, those arguments do not *compel* a different result.

*Second*, because Petitioner's credibility was in question, the agency

7

reasonably relied on the lack of corroborating evidence.  *See Biao Yang v. Gonzales*,

496 F.3d 268, 273 (2d Cir. 2007) ("[T]he absence of corroboration in general makes

an applicant unable to rehabilitate testimony that has already been called into

question.").  While Petitioner argues that the IJ erred by requiring medical

records when he testified that he did not receive medical care after the alleged

beatings, *see* Petitioner's Br. at 34, he offers no explanation for his failure to provide

letters from family or friends regarding any of his claimed experiences.

*Third*, although the record contains objective evidence of Petitioner's

criminal history and suspected gang membership that is not impacted by the

agency's adverse credibility finding,[2] Petitioner has nonetheless failed to establish

that "someone in his *particular* alleged circumstances is more likely than not to be

tortured if imprisoned."  *Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d

Cir. 2005) (emphases altered) (citation and quotation marks omitted).  Rather, the

---

[2] "[A]n alien's CAT claim may be established using different evidence and theories than the alien's claims under the INA, and an adverse credibility determination made in the asylum context should not necessarily affect the BIA's consideration of the alien's CAT claim."  *Paul v. Gonzales*, 444 F.3d 148, 155 (2d Cir. 2006) (citation and quotation marks omitted); *see also Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 297 (2d Cir. 2006) ("An IJ may properly deny a CAT claim if he or she finds adverse credibility with respect to facts that form the 'only potentially valid basis' for the CAT claim." (citation omitted)).

evidence suggested only, in a broad and generally applicable way, that people with criminal records, or who have been suspected of gang membership, might sometimes be tortured. The objective evidence, on its own, does not support a finding that Petitioner "personally, was more likely than not to be tortured." *Sanusi v. Gonzales*, 445 F.3d 193, 201 n.10 (2d Cir. 2006) (citation and quotation marks omitted). Accordingly, Petitioner has not carried his burden of demonstrating that he is entitled to CAT relief. *See* 8 C.F.R. § 1208.16(c)(2).

\* \* \*

We have considered Petitioner's remaining arguments and find no basis for relief. For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court